**Altagracia SANTANA, Plaintiff–Appellant,**

v.

**John KEANE, Superintendent; P. Sinclair, Corrections Officer, Defendants–Appellees.**

**No. 249, Docket 91–2268.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 1, 1991.

Decided Nov. 18, 1991.

vant issue in this appeal.

---

**3.** Neither the quality of the product nor the sophistication of the purchasers present a rele-

Altagracia Santana, appellant pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Robert J. Schack, Barbara P. Demchuk, and Barbara B. Butler, Asst. Attys. Gen., New York City, of counsel, for defendants-appellees.

Before OAKES, Chief Judge, FEINBERG and ALTIMARI, Circuit Judges.

PER CURIAM:

Altagracia Santana, *pro se* and *in forma pauperis*, appeals from an order of the United States District Court for the Southern District of New York, Kenneth Conboy, *Judge*, granting defendants' motion to dismiss Santana's action under 42 U.S.C. § 1983 (1988). For the reasons set forth below, we reverse and remand.

The district court found that Santana failed to state a claim upon which relief can be granted and therefore granted defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Santana's complaint, read liberally as it must be on a motion to dismiss, alleges that he was deprived of liberty without due process of law when he was placed in keeplock upon insufficient evidence and for an unreasonable length of time. New York law has created a protected liberty interest for prisoners in the general prison population to remain free from keeplock unless "an officer has reasonable grounds to believe that an inmate ... represents an immediate threat to the safety, security or order of the facility or [an] immediate danger to other persons or to property." *Gittens v. LeFevre*, 891 F.2d 38, 40 (2d Cir. 1989) (quoting 7 N.Y.C.R.R. § 251–1.6(a)); *see also Morrison v. LeFevre*, 592 F.Supp. 1052, 1073 (S.D.N.Y.1984). Once an inmate is placed in keeplock, due process requires review within "a reasonable time." *Hewitt v. Helms*, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983); *Russell v. Coughlin*, 910 F.2d 75, 77–78 (2d Cir.1990); *Gittens*, 891 F.2d at 40–41. The reasonableness of a delay depends on the circum-

stances. *Russell*, 910 F.2d at 78; *Gittens*, 891 F.2d at 41. Here, the hearing began five days after the initial keeplock and concluded four days later. As the record sheds no light on the reasons for the delay in the present case, we are unable to conclude as a matter of law that due process was satisfied.

Because under the above principles of law we cannot conclude "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), we reverse the district court's order dismissing plaintiff's claim and remand for further proceedings. On remand, the district court should judge defendants' conduct against the flexible "reasonable time" standard set forth in *Helms*, 459 U.S. at 472, 103 S.Ct. at 871, and applied in *Russell*, 910 F.2d at 78, and *Gittens*, 891 F.2d at 41.

Reversed and remanded.