**Tyrone BENTON, Plaintiff,**

v.

**John P. KEANE, Superintendent of Sing Sing Correctional Facility; J. Doyle, Sergeant, Defendants.**

No. 93 Civ. 3961 (VLB).

United States District Court,
S.D. New York.

Feb. 22, 1994.

Tyrone Benton, plaintiff pro se.

June Duffy, Asst. Atty. Gen., New York City, for defendants.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Tyrone Benton has brought this suit under 42 U.S.C. § 1983 alleging violation of federal rights because he was kept in administrative confinement in prison for ten (10) days prior to a hearing being held. See *Santana v. Keane,* 949 F.2d 584 (2d Cir. 1991); *Russell v. Coughlin,* 910 F.2d 75 (2d Cir.1990).

■ Defendants have moved to dismiss the complaint under Fed.R.Civ.P. 12(b), relying, however, in part on affidavits and citing Fed.R.Civ.P. 56. The complaint is narrowly sufficient to state a claim under Fed.R.Civ.P. 12(b). Defendants' affidavits raise substantial matters, however, which if established in greater detail may support dismissal of the complaint upon a motion for summary judgment under Fed.R.Civ.P. 56, including:

(a) Reasonableness of the delay on account of a lockdown of the entire prison during a significant portion of the delay, if full detail concerning the reasons for, scope of, and length of such a lockdown were provided, see *Santana,* 949 F.2d at 585;

(b) Automatic administrative review of confinement prior to the formal hearing by an officer not involved in the initial disciplinary complaint, may have led to a neutral decision which would satisfy constitutional requirements, see *Russell,* 910 F.2d at 77–78, part I(B);

(c) Potentially sufficient oral or written instructions by the defendant Keane to subordinates to indicate that he sought to comply with known constitutional requirements and is thus entitled to qualified immunity. See *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

In addition, it is not clear whether or not plaintiff was aware or was informed of the possible delay of his hearing and the reasons for it, and had an opportunity to request an earlier hearing or to object to the delay. The submissions of both plaintiff and defendants are silent at this juncture with respect to what notice, if any, plaintiff received concerning the delay and what reaction, if any, plaintiff made or could have made.

## II

The factual matters presented by defendants, and others mentioned above, require further development, and an opportunity for plaintiff to respond to them, prior to any decision under Fed.R.Civ.P. 56 concerning whether or not this case should go forward in other respects. Defendants' motion to dismiss the complaint under Fed.R.Civ.P. 12(b) is denied; defendants' motion for summary judgment is denied without prejudice to renewal by submitting further affidavits and documentary material within 45 days of the date of this memorandum order with respect to the issues identified above.[1] Plaintiff may submit responses to such a submission or request specific discovery with respect to the matters raised by defendants in their submission. See *Thomas v. Yonkers Police Dept,* 147 F.R.D. 77, 80–81 (S.D.N.Y.1993). All other discovery is stayed pending the outcome of such procedures.

SO ORDERED.

---

1. All submissions of the parties will be deemed resubmitted without the necessity of doing so.