**Ernest MOORE, Plaintiff,**

v.

**BEKINS MOVING & STORAGE COMPANY, Defendant.**

**No. 88 Civ. 5194 (JFK).**

United States District Court, S.D. New York.

March 15, 1991.

Ernest Moore, pro se.

Nixon, Hargrave, Devans & Doyle, New York City, (Robert C. Sentner, of counsel), for defendant.

## OPINION AND ORDER

KEENAN, District Judge:

Before the Court is the motion of defendant Bekins Moving & Storage, Inc. ("Bekins") for an Order pursuant to Fed.R. Civ.P. 60 vacating the Second Amended Default Judgment ("Second Default") previously entered against defendant and for an Order pursuant to Fed.R.Civ.P. 62(b) staying enforcement proceedings relating to the Second Default. Plaintiff Ernest Moore ("Moore"), who is proceeding *pro se*, presently is incarcerated in the Federal Correctional Institute on Terminal Island in California. Defendant moved by order to show cause as to why its requested relief should not be granted, and permitted plaintiff to answer through written reply. Plaintiff responded within the time provided in the order to show cause.

### Background

Plaintiff instituted this action in 1988 seeking damages against Bekins for breach of contract. Plaintiff alleges that Bekins is a California corporation with its principal place of business in California, and that he is a resident of the City of New York, State of New York. (Complaint ¶¶ I & II). The complaint therefore asserts that diversity of citizenship exists, and that this Court's jurisdiction is proper pursuant to 28 U.S.C. § 1332.

Plaintiff's complaint states that in September 1986, he contracted to store goods with Bekins, and as part of the contract plaintiff indicated to whom the goods could be released. (Complaint ¶ V). Defendant allegedly released plaintiff's goods to an unauthorized person upon presentation of an allegedly forged authorization, causing plaintiff to lose possession of his property. Plaintiff's goods now are being held by All City Moving & Storage, Inc. ("All City"), an agent for North American Van Lines. All City allegedly transported plaintiff's goods, without his knowledge, from California to Washington and has demanded payment of $2,242.94. Plaintiff was advised that his goods would be auctioned in May 1988. Plaintiff seeks compensation for the fees sought by All City and an award of punitive damages in the amount of $1,000,000.00.

Plaintiff filed the complaint in this action and, due to his incarceration in California at that time, requested that the United States Marshal serve the summons and complaint on defendant. Accordingly, the Marshal served the summons and complaint on a dispatcher of Bekins in Novato, California on October 24, 1988. (Sentner Aff. Exh. C). The Court scheduled an initial pre-trial conference in this action on November 8, 1988, and plaintiff was directed to notify defendant of the conference. That conference then was adjourned and rescheduled for December 12, 1988. None of the parties appeared at that conference, and another pre-trial conference was scheduled for February 9, 1989. Again, none of the parties appeared. Plaintiff then submitted to the Court an order to show cause as to why a default judgment should not be entered against defendant, which motion was returnable on April 28, 1989. Defendant did not appear on the return date of the motion.

On May 22, 1989, the Court entered a default judgment against defendant and directed that judgment be entered in favor of plaintiff. The action then was removed

from the active docket of the Court. Plaintiff then submitted to the Court a motion to amend the default judgment along with an invoice, which indicated that he had been damaged in the amount of $2,242.94 due to defendant's alleged breach of contract. On July 24, 1989, then, an amended default judgment was entered against defendant in the amount of $2,242.94. In April of 1990, plaintiff submitted proof of additional damages incurred, and requested that the default judgment be amended to reflect damages in the amount of $17,129.77. On May 29, 1990, the Court entered a second amended default judgment against defendant in the amount of $17,129.77.

In December 1990, defendant for the first time communicated with the Court, indicating that it had received notice of the default judgments and that on November 19, 1990, a writ of execution had been issued by the United States District Court for the Central District of California and served on Security Pacific National Bank in Los Angeles, California. (Sentner Aff. ¶ 2). Defendant claims that it was not served properly with the summons and complaint in the action. In addition, defendant alleges that plaintiff is a citizen of California and that diversity of jurisdiction therefore does not exist. Finally, defendant contends that it has a meritorious defense to plaintiff's claim of breach of contract. Accordingly, defendant asks that the Court issue an order staying the enforcement of the writ of execution and vacating the second default.

### Discussion

#### A. Personal Jurisdiction

■ Defendant argues that plaintiff failed properly to serve it with the summons and complaint in this action. Federal Rule of Civil Procedure 4 provides the requirements for proper service of process. Defendant contends that by serving the summons and complaint upon its dispatcher, plaintiff failed to comply with Rule 4 which provides in pertinent part as follows:

(d) **Summons and Complaint: Person to be Served** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(3) Upon a domestic or foreign corporation ... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendants.

In addition, pursuant to California law, service of process upon a corporation may be accomplished by delivering a copy of the summons and complaint "to the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal.Civ.Procedure Code § 416.10(b).

Defendant submits that service on the dispatcher was improper under both Rule 4 and the California Civil Procedure Code, because the dispatcher had no authorization to receive service of process. Defendant argues that the requirements of Rule 4 should be strictly construed absent waiver. See *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972). Although defendant does admit that some courts in the Second Circuit have not required strict compliance with Rule 4, it argues that "even those courts have required substantial compliance with the rule. Service must be made upon a representative so integrated with the company that he will know what to do with the papers." (Defendant's Mem. at 9 n. 3). Accordingly, since the dispatcher was without authority to receive service on defendant's behalf, defendant argues that the Court lacks jurisdiction over defendant and the default judgments entered by the Court are void and unenforceable.

The Second Circuit has taken the position that in *pro se in forma pauperis* actions "Rule 4 of the Federal Rules is to be construed liberally 'to further the purpose of

finding personal jurisdiction in cases in which the party has received actual notice.'" *Romandette v. Weetabix Co.,* 807 F.2d 309, 311 (2d Cir.1986) (quoting *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972)). In addition Fed.R.Civ.P. 4(c)(2)(B)(i) permits an incarcerated *pro se* litigant proceeding *in forma pauperis* to rely on service by the U.S. Marshals. This has been the rule in other Circuits. *See, e.g., Welch v. Folsom,* 925 F.2d 666 (3rd Cir.1991); *Puett v. Blanford,* 895 F.2d 630, 635 (9th Cir.1990); *Rochon v. Dawson,* 828 F.2d 1107, 1110 (5th Cir.1987).

Plaintiff has indicated that he was incarcerated at the time the complaint was filed. In addition, the U.S. Marshal has filed with the Clerk of the Court proof of service on defendant. Defendant argues that it did not become aware of the instant action, however, until the writ of execution was served on May 9, 1990 on its bank account in order to satisfy the Amended Default Judgment in the amount of $2,345.81. (Elliott Aff. ¶ 17). Defendant did not oppose the execution of the default judgment, having "determined that the cost of seeking to vacate the default would exceed the $2,345.81 garnishment." Defendant therefore "elected not to attempt to reopen the judgment or challenge the Writ of Execution." (Elliott Aff. ¶ 18).

The Court finds that at this late date, the interests of justice require that the service of the summons and complaint be upheld as in compliance with the rules. There is no contention by defendant that plaintiff was not in fact incarcerated at the time the summons and complaint were served, and therefore plaintiff correctly relied upon the U.S. Marshal to effect service on defendant. The Court therefore declines to grant defendant's motion to dismiss the complaint on the ground that the Court lacks personal jurisdiction over defendant.

## B. *Subject Matter Jurisdiction*

■ Defendant next argues that the Court lacks subject matter jurisdiction over this action on the ground that both parties are residents of California, and diversity jurisdiction therefore does not exist.

Defendant submits that the objective facts dictate that the Court find that plaintiff has falsely indicated his state of residence to be New York. In the complaint, Moore alleges that he is a resident of the State of New York. (Complaint ¶ I). Moore also alleges that he has been in custody as an inmate at Terminal Island, California since September 11, 1986. (Complaint ¶ VI). Moore alleges that on or about September 28, 1986, he arranged to have defendant move his belongings from 78 Edwards Ave., Sausalito, California and store them at 77 Hamilton Dr., Novato, California. (Complaint ¶ V).

Further, in a complaint dated May 10, 1988, captioned *Ernest Moore v. Bekins Moving & Storage, Inc.,* and filed with the Clerk of the U.S. District Court for the Northern District of California, Moore stated that he "is and was at all times hereafter mentioned domiciled in and a citizen of the State of California." (Sentner Aff. Exh. D ¶ I). The California action sought relief for the same cause of action which forms the basis of the instant action. The California action was dismissed on August 3, 1988, by order of Judge J.P. Vokasin, Jr. for lack of diversity jurisdiction because both Moore and Bekins were California citizens. (Sentner Aff. Exh. E). Based upon the suspect nature of plaintiff's assertion that he is a New York resident, defendant urges the Court to dismiss the action for lack of subject matter jurisdiction.

Plaintiff submits, however, that at the time the complaint was filed in this Court, he was incarcerated within the Southern District of New York. From May 1988 to August 1988, plaintiff states, he was housed at New York's Metropolitan Correctional Center. The complaint having been filed on July 26, 1988, while he was housed in New York City, plaintiff contends that diversity of jurisdiction did indeed exist.

The Court finds that, although diversity of citizenship is determined at the time an action is filed, plaintiff's contention that he is a citizen of New York based solely upon his incarceration in a New York prison for four months in 1988 is without merit. Plaintiff does not contest the fact that in

May 1988, he filed an action in the California District Court alleging that he was a citizen of California. The Court notes as well that the instant complaint was filed while plaintiff's California action was pending: the complaint in the instant action was filed in July 1988, and the California complaint was not dismissed until August 1988. Plaintiff therefore made inconsistent statements to two federal courts. The Court will not entertain this deception.

Plaintiff contends that the "Sausalito, California was merely a secondary rented vacation" residence, and that he is "an involuntary resident of the state of California in the custody of the Attorney in the Bureau of Prisons." (Plaintiff's Response at 14). Moore requests that the Court "take judicial notice" that he is a "legal permanent resident of the City of New York, State of New York and that prior to [his] incarceration [he] resided at 236 East 67th Street, New York, New York." (Moore Aff. ¶ 5, dated Feb. 26, 1991). Plaintiff, however, submits a copy of the "Warehouse Receipt and Contract" entered into between him and defendant on October 2, 1986, in which he lists his address as "8816 Seventh Avenue, Inglewood, California" and lists his employer as "Ms. Jones Fashions, 310 East Queen St., Inglewood, CA." (Moore Aff. Exh. C, dated Jan. 19, 1991).

Although *pro se* complaints are to be treated liberally, and litigants are to be given the benefit of the doubt, the Court finds that plaintiff is attempting in this action to manipulate the court system. The Court can find no basis upon which to surmise that plaintiff is a citizen of New York or that he was a citizen of New York at the time this action was instituted. There therefore exists no diversity of citizenship between the parties, and the Court lacks subject matter over this action.

The Court having been made aware that it lacks subject matter jurisdiction, the default judgments entered by the Court were entered improperly based upon plaintiff's misrepresentations to the Court.[1]

Accordingly, the Court directs the Clerk of the Court to vacate the default judgments entered in this action on May 23, 1989, July 24, 1989 and May 29, 1990. Fed. R.Civ.P. 60(b)(3). In addition, the Clerk of the Court is to send a certified copy of this decision to the Clerk of the Court for the United States District Court for the Central District of California in order for the writ of execution served on Security Pacific National Bank to be vacated. Plaintiff's complaint is dismissed without prejudice.

SO ORDERED.

---

1. In addition, the Second Amended Default Judgment was entered improperly, plaintiff having submitted no motion to amend his complaint to change the amount of damages alleged. Defendant therefore was without notice that it could be liable for an amount greater than $2,242.94. Further, the Court recognizes that the default judgments were amended in violation of Fed.R.Civ.P. 59(e), which permits a motion to amend the default judgment to be served within 10 days of entry of the judgment. The Court erred in not denying as untimely the motions to amend the default judgments.