Clarence Duke McGANN,
Plaintiff–Appellant,

v.

STATE OF NEW YORK, Connie Mann, Correspondence Supervisor and Correspondence Room Personnel, Defendants–Appellees.

No. 818, Docket 95–2352.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 12, 1996.

Decided Feb. 27, 1996.

Clarence Duke McGann, pro se.

Victor Paladino, Assistant Attorney General, Albany, NY (Dennis C. Vacco, Attorney General of the State of New York, Peter H. Schiff, Deputy Solicitor General, Wayne L. Benjamin, Assistant Attorney General, of counsel), for Defendants–Appellees.

Before: VAN GRAAFEILAND, MINER and CABRANES, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Clarence Duke McGann, a New York State prisoner, appeals *pro se* from a judgment entered in the United States District Court for the Western Dis-

trict of New York (Arcara, J.) dismissing his complaint against defendants-appellees State of New York, Correspondence Supervisor Connie Mann, and unnamed correspondence room personnel at the Attica Correctional Facility ("Attica"). The district court found that McGann failed to effect proper service pursuant to Fed.R.Civ.P. 4. For the reasons that follow, we affirm the judgment of the district court.

## BACKGROUND

McGann previously was incarcerated at Attica. In the action giving rise to this appeal, McGann alleged that personnel in the mailroom at Attica deliberately failed to mail his notice of appeal in an unrelated civil case. McGann contends, *inter alia*, that Mann "had a policy of detaining inmates [sic] legal mail going to the courts for thirteen days, if they were aware that said legal mail was being sent certified or had a check inwhich [sic] to pay for a Notice of Appeal." He is seeking compensatory and punitive damages as relief.

McGann filed his complaint on July 15, 1991, and moved in the district court for an order requiring a United States marshal to serve his summons and complaint on the defendants. After the district court denied his motion for service by a marshal, McGann sent the summons and complaint to the defendants by certified mail. On December 20, 1991, McGann again moved in the district court for an order requiring a marshal to personally serve the defendants, who had not acknowledged that they had received the summons and complaint. McGann also requested that the court order the defendants to pay legal fees and costs.

On February 11, 1992, Allithea E. Killeen, Assistant Attorney General for the State of New York, filed a letter with the district court stating that defendants State of New York and Mann each had received McGann's summons, complaint, and a pre-paid return envelope on November 18, 1991. However, she stated that they had not been properly served because McGann had failed to enclose acknowledgment forms with each summons and complaint.

On February 20, 1992, the district court denied McGann's renewed motion for a marshal to effect personal service and for costs and legal fees, finding that McGann had "failed to meet the prerequisite for court-ordered personal service." On February 27, 1992, McGann moved for reconsideration, arguing that the court's order was "academic due to the written acknowledgment by the defendant[s] that they ha[d] received the Summons and Complaint in this case." McGann also moved for default judgment.

On June 10, 1993, the district court denied McGann's motions.[1] In its order, the court found that, although Mann fell within the class of defendants that could properly be served by mail under Fed.R.Civ.P. 4(c)(2)(C), McGann had failed to meet the "technical requirements" of the Rule because he had not included an acknowledgment form. As to the State of New York, the court found that McGann had not satisfied the requirements of Fed.R.Civ.P. 4(d)(6). The court ordered McGann to effect proper service within 120 days from the filing of the order, or his complaint would be dismissed.

On June 21, 1993, McGann filed a notice of appeal from the court's order. We dismissed the appeal on February 22, 1994 for lack of appellate jurisdiction, because the district court's order was not final. On March 16, 1995, the district court ordered McGann to show cause why the case should not be dismissed for failure to prosecute. On March 29, 1995, McGann filed a response in which he argued that he was awaiting action by the court and was "not in a position to force [the district court] to issue a final order." On May 1, 1995, the district court ordered McGann's complaint dismissed for failure to effect proper service on the defendants. Judgment was entered pursuant to Fed.

---

1. The district court issued its ruling following our May 17, 1993 order, in which we denied McGann's petition for a writ of mandamus, without prejudice to renew if the district court failed to rule on his motions within 30 days.

R.Civ.P. 4(m)[2] and 41(b)[3] on May 4, 1995. This appeal followed.

## DISCUSSION

■ McGann contends that the district court erred in finding that he had failed to meet the requirements for service under Rule 4. We disagree. At the time that McGann attempted to serve Mann and the State of New York, Rule 4(c)(2)(C) provided for service by mail as follows:[4]

> A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—
>
> ....
>
> (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender.

However, Rule 4(c)(2)(C) did not provide for service by mail upon states, because states were part of the class of defendants referred to in paragraph (6) of subdivision (d) of the Rule. Instead, Rule 4(d)(6) required that a state be served by personal service or according to the laws of that state.[5] Because McGann's attempt to serve the State of New York by mail did not conform to the requirements of Rule 4(d)(6), the district court properly dismissed McGann's claims against the state for failure to effect proper service.

■ In regard to his attempt to serve Mann by mail, McGann failed to include an acknowledgment form and thus did not comply with the requirements of Rule 4(c)(2)(C). While we have held that Rule 4 is to be construed liberally

> to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice[,] ... there must be compliance with the terms of the rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained.

*Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972) (citations omitted). McGann, however, argues that, under *Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984), even though he failed to include an acknowledgment form, his service was proper because Mann actually received his summons and complaint. In *Morse,* the plaintiff's attorney delivered to the defendant by certified mail all of the documents required by Rule 4(c)(2)(C), but the defendant did not return the acknowledgment form to the plaintiff. *Id.* at 36. We stated: "Above all, strong factors of justice and equity push toward reading Rule 4(c) as providing for effective mail service where, as here, the recipient actually receives the mail service but refuses to acknowledge it properly." *Id.* at 40.

In the present case, however, McGann did not send the acknowledgment form to Mann. Hence, unlike the plaintiff in *Morse,* McGann did not send all the documents required under Rule 4(c)(2)(C) to the defendant. Nonetheless, some courts have stated that the

2. Rule 4(m) provides, in relevant part:
  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

3. Rule 41(b) provides, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

4. The 1993 Amendments to the Federal Rules of Civil Procedure changed the numbering and the content of Rule 4. The service by mail provision was replaced by a section allowing plaintiffs to mail individual defendants a request for a waiver of service. All references to Rule 4(c)(2)(C) and to Rule 4(d)(6) in this opinion are to the Rule as it existed prior to 1993.

5. Although New York law allowed for service upon the state by mail pursuant to N.Y.Civ. Prac.L. & R. § 312–a, McGann did not mail to the state a "statement of service by mail" or an "acknowledgement of receipt," as required by that statute. Accordingly, McGann failed to effect proper service under section 312–a. *See Darvoe v. Town of Trenton,* 785 F.Supp. 305, 308 n. 2 (N.D.N.Y.) ("New York courts require strict compliance with the provisions of the C.P.L.R. to perfect service."), *aff'd,* 979 F.2d 845 (2d Cir. 1992).

rationale underlying our holding in *Morse* extends to the situation where a plaintiff does not send an acknowledgment form to a defendant. *See Darvoe,* 785 F.Supp. at 308 ("Although the present case is distinguishable from *Morse* because plaintiff in the present action did not include an acknowledgement form with the summons and complaint, this does not change the result."); *Lee v. Carlson,* 645 F.Supp. 1430, 1432 (S.D.N.Y. 1986) (stating that the holding in *Morse* "clearly emphasizes that the effectiveness of the service depends on the receipt of the summons and complaint, not on the supplementary material to be signed and returned by the recipient"), *aff'd,* 812 F.2d 712 (2d Cir.1987).

We disagree with the quoted statements of the courts in *Darvoe* and *Lee,* and note that these statements are dicta in any event. It seems to us that a line should be drawn between the situation where a plaintiff sends all the papers required under Rule 4(c)(2)(C) to a defendant and the defendant fails to respond and where, as here, the plaintiff does not send all the necessary papers to the defendant and the defendant fails to respond. We never have had the occasion to pass directly on the adequacy of service by mail where an acknowledgment of service is not included, but we now hold that McGann did not satisfy the requirements of Rule 4(c)(2)(C). On account of his *pro se* status, the district court gave McGann careful instructions and ample opportunity to effectuate proper service. Nevertheless, McGann failed to comply. Accordingly, the district court properly dismissed his complaint against Mann for failure to effect proper service.

We have considered McGann's remaining contentions, and we find them all to be without merit.

## CONCLUSION

In view of the foregoing, we affirm the judgment of the district court.