**Robert C. HURLBURT, Plaintiff,**

v.

**Lynda ZAUNBRECHER, Defendant.**

**Civil No. 96–CV–543 (RSP/RWS).**

United States District Court,
N.D. New York.

Nov. 18, 1996.

Robert C. Hurlburt, Ray Brook, NY, Plaintiff, Pro Se.

Thomas J. Maroney, United States Attorney, Northern District of New York, Albany, NY (Barbara D. Cottrell, Asst. U.S. Attorney, of counsel), for Defendant.

## MEMORANDUM–DECISION AND ORDER

RALPH W. SMITH, Jr., United States Magistrate Judge.

In this civil rights action, brought *pro se* and *in forma pauperis* pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), plaintiff, a federal inmate, has been experiencing great difficulty in serving process on defendant. Accordingly, he has sought the court's assistance in effecting service of process in this case.

Plaintiff's service problems arise out of the fact that, although defendant has actual knowledge of the existence of this action, she refuses to acknowledge the attempts of the United States Marshals Service (the "Marshals Service") to serve her by mail. Instead, she insists that she be served in strict compliance with Fed.R.Civ.P. 4(e). In a Memorandum–Decision and Order dated September 27, 1996 (the "Order"), this court held that since defendant has actual knowledge of this action and is not prejudiced by the purportedly deficient service, any deficiency in the method of service is harmless error under Fed.R.Civ.P. 61. Accordingly, the court deemed plaintiff's attempts to serve defendant to be effective.

Presently before the court is defendant's motion to reconsider the Order. In her motion, defendant claims that Second Circuit precedent supports her position that she is entitled to insist upon service in strict compliance with Rule 4(e) despite the fact that she has actual knowledge of the existence of this action.

*Discussion*

As noted in the Order, the Second Circuit has made clear that incarcerated, *pro se, in forma pauperis* ("IPSIFP") plaintiffs are entitled to rely on the Marshals Service for service of process. *See, e.g., Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir.1994); *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986). As a result, although defendants in a *Bivens* action are entitled to insist

upon service in strict compliance with Rule 4, see *Armstrong,* 33 F.3d at 186 & 187, courts routinely deny motions to dismiss for lack of proper service in actions brought by IPSIFP plaintiffs where defendants have actual notice of the action and no prejudice results from the deficient service. *See, e.g., id.* at 188 (*Bivens* action); *Romandette,* 807 F.2d at 311 (diversity action); *Tajeddini v. Gluch,* 942 F.Supp. 772 (D.Conn.1996) (*Bivens* action); *St. John Rennalls v. County of Westchester,* 159 F.R.D. 418 (S.D.N.Y.1994) (§ 1983 action); *Daniel v. Henderson,* 155 F.R.D. 30 (N.D.N.Y.1994) (§ 1983 action); *Thomas v. Yonkers Police Dep't Transp. Unit,* 147 F.R.D. 77 (S.D.N.Y.1993) (§ 1983 action); *Moore v. Bekins Moving & Storage Co.,* 135 F.R.D. 60 (S.D.N.Y.1991) (purported diversity action); *Malik v. Hershberger,* 1995 WL 135558 (S.D.N.Y. Mar. 29, 1995) (*Bivens* action); *Davidson v. Davis,* 1995 WL 60732 (S.D.N.Y. Feb. 14, 1995) (*Bivens* action).

The above-referenced cases make clear that courts in this Circuit are reluctant and/or unwilling to dismiss an action brought by an IPSIFP plaintiff on the ground that the Marshals Service has failed to properly effect service. However, while in agreement that such actions should not be dismissed, the courts differ in how they handle the service issue. Some courts have explicitly deemed the deficient service to be effective. *See, e.g., St. John Rennalls,* 159 F.R.D. at 420; *Thomas,* 147 F.R.D. at 79–80; *Moore,* 135 F.R.D. at 62–63. *See generally Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir. 1984). Other courts, by ignoring the service issue after they had denied defendants' motion to dismiss for lack of proper service, have implicitly deemed the deficient service to be effective. *See, e.g., Tajeddini,* 942 F.Supp. at 777–78; *Malik,* 1995 WL 135558, at *3. Still others have either ordered the Marshals Service to properly effect service

upon defendants or directed plaintiff to request the Marshals Service to do so. *See, e.g., Armstrong,* 33 F.3d at 188; *Davidson,* 1995 WL 60732, at *9.[1]

In the opinion of the court, the first of these approaches (*i.e.,* deeming the deficient service to be effective), best reconciles the rights of the parties with the reality of the situation. The reality of the situation is that where an IPSIFP plaintiff sues a defendant who has actual notice of the action but refuses to acknowledge the attempts of the Marshals Service to serve her by mail, there is absolutely no point in requiring the Marshals Service to personally serve such defendant in strict compliance with Rule 4(e). In such a case, any possible advantage that the defendant might hope to gain by acting "like the dog in the manger," *Morse,* 752 F.2d at 40, is negated by the fact that courts in this Circuit are clearly unwilling to penalize IPSIFP plaintiffs for the failure of the Marshals Service to properly effect service.

Simply stated, defendants in these actions will ultimately have to face the accusations against them. Thus, requiring the Marshals Service to personally serve defendants who admit to having actual notice of the case against them is the ultimate in exalting form over substance.[2] However, this appears to be the approach favored by the Second Circuit, *see Armstrong,* 33 F.3d at 188, and thus will be the approach followed by this court.

WHEREFORE, for the reasons stated above, it is hereby

**ORDERED,** that defendant's motion to reconsider is granted, and the court's Order of September 27, 1996 is vacated; and it is further

**ORDERED,** that the Marshals Service effect service upon defendant in strict compliance with Fed.R.Civ.P. 4(e) within forty-five (45) days of the date of this Memorandum—

1. *McGann v. State of New York,* 77 F.3d 672 (2d Cir.1996), cited by defendant in support of her motion to reconsider, is distinguishable from these cases, as well as the instant case, in that the plaintiff in *McGann,* while *pro se* and incarcerated, did not rely on the Marshals Service for service of process.

2. Moreover, it is well known that the Marshals Service has limited manpower and resources available for serving process in *in forma pauperis* actions, and that it can barely keep up with the myriad requests it receives to serve defendants in such actions by mail. As a result, a coordinated effort by individuals who are frequently sued by IPSIFP plaintiffs (for example, corrections officers) to demand service in strict compliance with Rule 4(e) could literally bring prisoner civil rights litigation to a standstill.

**260**

Decision and Order. HOWEVER, DEFENDANT IS HEREBY PUT ON NOTICE THAT, ALTHOUGH SHE IS TECHNICALLY ENTITLED TO INSIST UPON SERVICE IN STRICT COMPLIANCE WITH RULE 4(e), IN THE OPINION OF THE COURT SUCH INSISTENCE VIOLATES THE SPIRIT OF THE FEDERAL RULES AS EXPRESSED IN RULES 1 AND 4(d). ACCORDINGLY, IF DEFENDANT CHOOSES TO EXERCISE THIS RIGHT THE COURT WILL IMPOSE THE FULL COST OF SUCH SERVICE UPON HER IN THE SAME MANNER AS IF SHE HAD FAILED TO COMPLY WITH A REQUEST FOR WAIVER OF SERVICE UNDER RULE 4(d). MOREOVER, SUCH COST WILL BE ASSESSED AGAINST DEFENDANT PERSONALLY, AND THE COURT WILL PROHIBIT HER FROM BEING REIMBURSED THEREFOR BY ANY THIRD PARTY.

IT IS SO ORDERED.