**Robert D. CETENICH, Plaintiff,**

v.

**Timothy J. ALDEN; Joseph W. McPhillips; Gary W. Mattison; James T. Sullivan; Nancy E. Smith; and John Doe # 1–# 10, all in their individual and official capacities, Defendants.**

No. 97–CV–1355 (FJS).

United States District Court, N.D. New York.

Jan. 9, 1998.

Robert D. Cetenich, Gansevoort, NY, pro se.

McPhillips, Fitzgerald Law Firm, Syracuse, NY, for Defendants, Alden, McPhillips, Mattison, and Sullivan, James E. Cullum, of counsel.

Dennis C. Vacco, Office of Atty. Gen., State of New York, Albany, NY, for Defendant Smith, Richard J. Freshour, Ass't Attorney General, of counsel.

## MEMORANDUM DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging a violation of his constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments arising out of his prosecution for town code violations in the Town of Moreau, New York, and the denial of his subsequent appeal to County Court in Saratoga County, New York. Presently before the Court is Defendant Smith's Rule 12 motion to dismiss the complaint as against her for failure to properly effect service and for failure to state a claim. Also before the Court is the Plaintiff's cross-motion for a default judgment against Defendant Smith, and the Plaintiff's cross-motion to strike the first, second, third, fourth, fifth, and sixth affirmative defenses in the Answer filed by Defendants Alden, McPhillips, Mattison, and Sullivan ("Town of Moreau Defendants").

### Discussion

The Court must first address the issue of Defendant Smith's alleged default before it can reach the merits of Defendant Smith's motion. Therefore, the Court will first address Plaintiff's cross motion for default judgment.

### I. DEFAULT JUDGMENT

■ Default may only be entered when a defendant fails to plead or otherwise appear in an action. *See* Fed.R.Civ.P. 55(a). A defendant avoids default by filing either an answer or a Rule 12 motion within twenty days of service of the complaint, *see* Fed. R .Civ.P. 12(a)(1)(A), or if service of the summons is waived under Rule 4(d) within sixty days after the request for waiver was sent, *See* Fed.R.Civ.P. 12(a)(1)(B). Plaintiff first attempted service by certified mail under Rule 4(d), on September 18, 1997. This service was defective, however, because Plaintiff did not include a request for waiver as required by Rule 4(d)(2)(G). *See also McGann v. State of New York,* 77 F.3d 672, 675 (2d Cir.1996). Thereafter, Plaintiff personally served Defendant Smith on November 7, 1997. Even if Plaintiff's first attempt at service had been adequate, Defendant Smith did not default because her Rule 12 motion was filed on October 14, 1997 and was thus in compliance with Rule 12. Therefore Defendant Smith has not defaulted under Rule 55(a). Accordingly, Plaintiff's cross-motion for default judgment is denied and the entry of default is vacated.

### II. DEFENDANT SMITH'S MOTION TO DISMISS

Plaintiff's claim against Defendant Nancy Smith, a County Court Judge, alleges that her Order affirming the Plaintiff's conviction of town code violations in the Court of the Town of Moreau violated various constitutional rights of the Plaintiff. Defendant Smith moves to dismiss Plaintiff's claim because (1) the complaint fails to state a claim against Defendant Smith, (2) Defendant Smith is entitled to absolute judicial immunity, and (3) Defendant was not properly served. Since the defect in service was cured following the filing of the Defendant's motion the Court need not consider the issue of service. Plaintiff argues that Defendant Smith is not entitled to absolute judicial immunity because Defendant Smith was without jurisdiction to decide Plaintiff's appeal. Plaintiff argues that the Defendant misinterpreted his application for a stay of enforcement of the underlying conviction as an appeal of that conviction. Thus, Plaintiff contends that Defendant is liable for erroneous nature of her decision because the matter was not properly before the court on appeal.

■ The standards regarding judicial immunity are well established. Judges are immune from damages for civil liability for acts taken in their judicial capacity. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Judicial immunity is conferred even if the plaintiff accuses the judge of acting maliciously or corruptly, and no matter how erroneous the ruling challenged by the plaintiff. *See Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 499–500, 88 L.Ed.2d 507 (1985). A plaintiff may overcome judicial immunity only where the judge was not acting in a judicial capacity or where his or her action, though judicial, was performed in the complete lack of all jurisdiction. *See Stump,* 435 U.S. at 356, 98 S.Ct. at 1104–1105; *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Judicial capacity relates to whether the act's nature and function are normally associated with or performed by a judge. *See Waco,* 502 U.S. at 12, 112 S.Ct. at 288.

■ Here it is undisputed that Judge Smith was acting in her judicial capacity by denying Plaintiff's appeal and stay. Plaintiff, however, argues that Judge Smith was acting in the complete absence of jurisdiction. For purposes of judicial immunity, acts in "clear absence of jurisdiction" must be distinguished from acts in excess of jurisdiction which are protected under the doctrine of absolute immunity. *See Barnes v. Winchell,* 105 F.3d 1111, 1122 (6th Cir.1997). By way of example, the Supreme Court explained the distinction as follows:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction, and would be immune.

*Stump v. Sparkman,* 435 U.S. 349, 357 n. 7, 98 S.Ct. 1099, 1105 n. 7, 55 L.Ed.2d 331 (1978) (citing *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646 (1871)).

■ In this case, Defendant Smith clearly had jurisdiction to hear an appeal of town court decision pursuant to § 11 of article 6 of the New York State Constitution. *See* N.Y. Const. art. 6 § 11 (McKinney 1987). Thus, even accepting as true the Plaintiff's allegation that Judge Smith ruled on his appeal before it was properly before her, she is still entitled to judicial immunity because, at worst, she was merely acting in excess of her authority. Accordingly, the Court dismisses the Plaintiff's claim against Judge Smith.

### III. PLAINTIFF'S MOTION TO STRIKE PARTS OF DEFENDANT'S ANSWER

■ Plaintiff moves to strike the first through sixth affirmative defenses set forth in the Town of Moreau Defendants' Answer arguing in a conclusory fashion that each is meritless. Rule 12(f) of the Federal Rules of Civil Procedure provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

*See* Fed.Rule Civ.P. 12(f). Motions to strike are generally disfavored and will be denied unless it is clear from the pleadings that under no set of circumstances could the defenses succeed. *See Federal Deposit Ins. Corp. v. Pelletreau,* 965 F.Supp. 381, 389 (E.D.N.Y.1997) (citing *Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1984)). The Town of Moreau Defendants' six affirmative defenses plead: (1) failure to state a claim, (2) lack of subject matter jurisdiction, (3) failure to plead fraud with particularity, (4) lack of personal jurisdiction, (5) insufficient process, and (6) insufficient service, respectively. The Court finds that at this stage of the litigation each of these defenses is potentially successful given certain factual circumstances. Accordingly, Plaintiff's motion to strike is denied.

### Conclusion

After considering the arguments of the parties, the relevant documents, and the applicable law, it is hereby

ORDERED that Plaintiff's motion for default judgment against Defendant Smith is DENIED, and the Entry of Default entered

against Defendant Smith on November 7, 1997 is VACATED. It is further

ORDERED that Defendant Smith's motion to dismiss is GRANTED, and the Plaintiff's claims against Defendant Smith are DISMISSED. It is further

ORDERED that Plaintiff's motion to strike is DENIED.

**IT IS SO ORDERED.**