**Robert D. CETENICH, Plaintiff,**

v.

**Timothy J. ALDEN; Joseph W. McPhillips; Gary W. Mattison; James T. Sullivan; Nancy E. Smith; and John Doe # 1–# 10, all in their individual and official capacities, Defendants.**

**No. 97–CV–1355 (FJS).**

United States District Court, N.D. New York.

July 27, 1998.

Robert D. Cetenich, Gansevoort, NY, pro se.

McPhillips, Fitzgerald & Meyer, Syracuse, NY, for Alden, McPhillips, Mattison, and Sullivan, James E. Cullum.

## MEMORANDUM–DECISION and ORDER

SCULLIN, District Judge.

### Introduction

Robert Cetenich ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 alleging violations of his constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth and Fourteenth Amendments as a result of his prosecution for town code violations in the Town of Moreau, New York. The Court previously dismissed the action as against Defendant Smith in an order dated January 9, 1998 by reason of absolute immunity. Presently before the Court is the remaining defendants motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56.

### Discussion

Defendants move to dismiss the complaint because, they argue, the complaint is comprised of confusing generalizations that do not state a valid claim on which relief may be granted and because they all have absolute immunity from liability. A 12(b)(6) motion to dismiss is based solely on the allegations in the complaint. *See Allen v. West-Point–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). A complaint will be dismissed pursuant to Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Where a plaintiff proceeds pro se, as here, the Court must " 'read his supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest.' " *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995) (*quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of a right, privilege or immunity secured by the Constitution, laws or treaties of the United States. *See* 42 U.S.C. § 1983; *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993), *cert. denied*, 512 U.S. 1240, 114 S.Ct. 2749, 129 L.Ed.2d 867 (1994).

Nonetheless, even if a plaintiff does allege facts that might establish a constitutional violation under the color of state law, a plaintiff's complaint must be dismissed as against a defendant who has absolute immunity from liability. *See Sykes*, 13 F.3d at 519. *See also, Mahapatra v. Comstock*, No. 94–CV–0132, 1996 WL 760160, *2 (N.D.N.Y. Dec. 31, 1996) (finding defendant entitled to absolute immunity and dismissing complaint for failure to state a claim).

In the present case, Plaintiff seeks damages from Defendants for their participation in Plaintiff's criminal trial where he was convicted of violating codes of the Town of Moreau, and for his subsequent incarceration.[1]

---

1. The conviction was upheld on appeal to the Saratoga County Court. Plaintiff refused to pay the fine levied by the Town Court and was thereafter incarcerated.

Defendant Alden was the presiding town justice; Defendant McPhillips prosecuted the case; and Defendants Mattison and Sullivan are Town Officers who were prosecution witnesses. Plaintiff claims that the defendants conducted a trial without due process of law and that they conspired to deprive him of numerous other constitutional rights.

## I. Judicial Immunity

▮▮ Plaintiff argues that Defendant Aldin lacked jurisdiction to hear his case and therefore cannot assert judicial immunity. As stated in the Court's previous order, the standards governing judicial immunity are well settled, "judges are immune from damages for civil liability for acts taken in their official capacity." *Cetenich v. Alden,* 177 F.R.D. 94, 95 (N.D.N.Y.1998) (citing *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). This immunity applies to all situations where a judge is acting in his official capacity, including where a plaintiff accuses the judge of acting maliciously or corruptly. *Id.* The only way for a plaintiff to overcome judicial immunity is if the judge was not acting in his official capacity or if he acted in the "clear absence of all jurisdiction." *Id.*

▮▮ In the present case, Plaintiff alleges that Defendant Alden acted outside the scope of his jurisdiction because the prosecutor amended the information just prior to trial, rendering the information invalid and the court without jurisdiction. However, the prosecution merely amended the information so that it appropriately reflected that the charges brought were in fact misdemeanor offenses rather than some other form of offense. The Court finds that no substantive change occurred. In any event, Plaintiff stipulated to the amended information pursuant to New York Criminal Procedure § 100.45. On these undisputed facts, the Town Court had jurisdiction over the underlying matter and Judge Alden, acting in his official capacity, is entitled to absolute immunity from liability.[2] Plaintiff's complaint is dismissed as against Defendant Alden.

2. Plaintiff also argues that he was denied his right to a jury trial. However, a defendant does not have a Sixth Amendment right to a jury

## II. Prosecutorial Immunity

▮▮ Defendant McPhillips is a town attorney for the Town of Moreau. Plaintiff argues that Defendant McPhillips was without authority to prosecute Plaintiff's case. However, New York Town Law § 130 gives town officials authority to enforce its ordinances and regulations. Furthermore, New York Criminal Procedure Law § 1.20(31) defines a prosecutor as "any other public servant who represents the people in a criminal action."

▮▮ It is well settled that state prosecutors have absolute immunity for their actions in initiating and conducting prosecutions. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Absolute immunity has also been afforded to municipal attorneys who initiate civil actions. *See Augustyniak v. Koch,* 588 F.Supp. 793, 797–98 (S.D.N.Y.1984), *aff'd,* 794 F.2d 676 (2d Cir.1984), *cert. denied* 474 U.S. 840, 106 S.Ct. 123, 88 L.Ed.2d 101 (1985) (finding city attorneys absolutely immune from section 1983 liability arising from their initiation of civil proceedings to enforce municipal housing code). The Court finds that Defendant McPhillips had authority to enforce the town's code and is therefore clothed with absolute immunity for his actions in prosecuting Plaintiff. Plaintiff's claim is dismissed as against Defendant McPhillips.

## III. Witness Immunity

▮▮ Plaintiff makes no specific argument regarding the witnesses to his prosecution other than that they conspired to violate his constitutional rights. As with the above Defendants, witnesses who give official testimony are clothed with absolute immunity against § 1983 actions. *See Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Sykes,* 13 F.3d at 519. The Court finds that as witnesses to Plaintiff's prosecution, Defendants Mattison and Sullivan are absolutely immune from liability under § 1983 and Plaintiff's claim against these Defendants is therefore dismissed.

where, as here, the charges relate to petty offenses. *See Blanton v. North Las Vegas,* 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989).

*IV. John Doe Defendants*

 Plaintiff has yet to identify any of the "John Does" listed in his complaint. Generally, courts do not favor the use of "John Doe" to identify defendants. *See Covington v. Warden of C–95*, No. 93–CV–1958, 1996 WL 75211, *4 (E.D.N.Y. Feb. 8, 1996). However, where an identity of a party is unknown prior to the filing of a complaint, courts generally allow a plaintiff to identify the unknown defendant through discovery, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). Upon reviewing Plaintiff's complaint, the Court finds that no amount of discovery could lead to the identity of defendants who "may be more specifically named at a later date as additional defendants, who witnessed or who may in the future witness, and who having the duty and power to prevent or aid in preventing, wrongs mentioned in title 42 Section 1985 . . ."

Furthermore, the statute of limitations applicable to § 1983 actions is three years, and accrues once a plaintiff "knows or has reason to know of the injury which is the basis of his action." *Veal v. Geraci*, 23 F.3d 722, 723 (2d Cir.1994). The acts which led up to Plaintiff's trial and conviction occurred over three years ago. In addition, Rule 15(c) "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468 (2d Cir.1995). Accordingly, the statute of limitations on Plaintiff's claim has expired and the Court has power to "sua sponte dismiss a complaint without leave to amend if it is clear that the statute of limitations has run." *Covington*, 1996 WL 75211, at *5 (citing *Pino v. Ryan*, 49 F.3d 51 (2d Cir.1995)). For these reasons, Plaintiff's complaint is dismissed as against the John Doe defendants.

### Conclusion

Upon review of the parties' submissions, the applicable law and the entire record, it is hereby

ORDERED, that Defendants' motion for dismissal is GRANTED, and Plaintiff's complaint is DISMISSED in its entirety.

**IT IS SO ORDERED.**