Wayne ST. JOHN RENNALLS, Plaintiff,

v.

COUNTY OF WESTCHESTER, Defendant.

No. 94 Civ. 5116 (VLB).

United States District Court, S.D. New York.

Dec. 29, 1994.

Wayne St. John Rennalls, pro se.

Kyle C. McGovern, Asst. Westchester County Atty., White Plains, NY, for defendant.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

I

In this case brought by a prisoner *pro se* under 42 U.S.C. § 1983, plaintiff claims he has been subjected to cruel and unusual punishment by prison guards and that his Fourteenth Amendment rights have been violated as a result of being confined under administrative keeplock detention for an unreasonable length of time without a hearing. The complaint was served by United States Marshals since the *pro se* plaintiff is incarcerated and proceeding in forma pauperis. Fed. R.Civ.P. 4(c)(2).

The defendant, County of Westchester[1], has moved to dismiss the claim on three grounds: lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2); insufficiency of service of process under Fed.R.Civ.P. 12(b)(5); and failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

Defendant's motion to dismiss based on lack of personal jurisdiction and insufficiency of service of process is denied. Defendant's motion to dismiss for failure to state a claim will be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 56 on which the parties are directed to make further submissions as outlined below.

II

■ The defendant's applications based on lack of personal jurisdiction and insufficiency of service of process both rest on the absence of proper service as called for by N.Y.Civ. Prac. Law and Rules 311 and Fed.R.Civ.P. 4. Defendant argues that although the Westchester County Attorney's Office received a copy of plaintiff's summons and complaint via first class mail as provided for in Fed. R.Civ.P. 4, plaintiff failed to comply with the

1. Defendant's motion to dismiss included a request that the real party in interest, the County of Westchester, be substituted for the originally named defendant, Westchester County Jail. This request is granted, and is reflected in the caption of this memorandum order.

## 420

provisions regarding waiver and notice which accompany service by mail under Fed. R.Civ.P. 4(d).

■■■ When dealing with *pro se* parties, courts interpret the rules dealing with service of process liberally. See generally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Romandette v. Weetabix*, 807 F.2d 309 (2d Cir.1986); *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972). Where a party contesting service of process has received actual notice, service requirements under Fed.R.Civ.P. 4 are construed liberally. *Romandette v. Weetabix*, 807 F.2d 309, 310–11 (2d Cir.1986); *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972). Deficiencies in the method of service are harmless error under Fed.R.Civ.P. 61 when the party asserting deficient service has actual knowledge of the action and no prejudice results from the deficiency. *Thomas v. Yonkers Police Dept.*, 147 F.R.D. 77, 79 (S.D.N.Y.1993).

The County of Westchester received actual notice of the current action and was not prejudiced by the lack of a waiver notice. In addition, any failure to strictly comply with the service requirements was due to the Marshals, on whom plaintiff was entitled to rely to effect proper service. Fed.R.Civ.P. 4(c)(2); *Romandette v. Weetabix*, 807 F.2d 309, 311 (2d Cir.1986). The service on defendant was effective to give notice and any lack of strict compliance with the procedures set forth in Fed.R.Civ.P. 4(d) was harmless error.

The defendant's only basis to assert lack of personal jurisdiction is insufficient service. Therefore, the determination that service was effective is also a determination that personal jurisdiction over the defendant exists.

### III

In support of the motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the defendant has included an affidavit of an Assistant County Attorney which, among other sources, is based upon "official records of the Department of Correction."

Where a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) presents matters outside the pleadings and such matters are not excluded by the court, the motion is converted into one for summary judgment under Rule 56. Fed.R.Civ.P. 12(b). Accordingly, the defendant's current motion to dismiss for failure to state a claim will be treated as one for summary judgment under Fed.R.Civ.P. 56.

The plaintiff is directed to present any evidence known to him which establishes a genuine issue of material fact, and to set forth any additional information not known to him necessary to establish such an issue. Fed.R.Civ.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The defendant is likewise directed to present any evidence which controverts the existence of a genuine issue of fact.

All evidence referred to above, both the plaintiff's and the defendant's, shall be presented to this court within 120 days from the date of this memorandum order.

**SO ORDERED.**