Robin Chapo, Respondent, v Premier Liquor Corporation, Appellant. [688 NYS2d 342] —Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action alleging malicious prosecution, false arrest/false imprisonment, abuse of process, and defamation, arising out of plaintiff's issuing two checks to defendant while there were insufficient funds in plaintiff's account. Notwithstanding a demand by defendant that plaintiff make restitution plus payment for the cost of protest and a service charge, plaintiff failed to make restitution. Defendant filed two reports with the Town of Tonawanda Justice Department, one for each bad check, accusing plaintiff of violating Penal Law § 190.05 (1). Plaintiff was arrested and ultimately found not guilty of the criminal charges following a jury trial in the Town of Tonawanda Town Court.

Supreme Court erred in denying defendant's motion for sum-

mary judgment dismissing the complaint. The malicious prosecution cause of action should have been dismissed because plaintiff failed to establish the absence of probable cause for the criminal proceeding (*see, Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). Defendant was entitled to rely on the presumption of Penal Law § 190.10, which provides that, when the drawer of a check has insufficient funds to cover it at the time of utterance, the drawer "is presumed to know of such insufficiency" (Penal Law § 190.10 [1]). The fact that plaintiff was able to rebut the presumption at her criminal trial is not relevant on the issue whether there was probable cause when defendant filed the police reports.

Similarly, the false arrest/false imprisonment cause of action should have been dismissed. "There is no liability for merely giving information to legal authorities, who are left entirely free to use their own judgment in effecting an arrest, or in swearing out a criminal complaint so that an arrest is legally authorized" (*Cobb v Willis*, 208 AD2d 1155, 1156). The abuse of process cause of action also should have been dismissed because defendant established that it did not use "process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116). Finally, the defamation cause of action should have been dismissed. Defendant is entitled to a qualified privilege for communications made in good faith to the police regarding the commission of a crime (*see, Toker v Pollak*, 44 NY2d 211, 221), and plaintiff failed to establish that defendant acted with malice in filing the reports (*see, Pecue v West*, 233 NY 316). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Scudder and Callahan, JJ.