Carole ARUM, Plaintiff,

v.

**Mr. Richard MILLER, Director of Pupil Services, Syosset, S.D., Board of Education of Syosset, S.D., Dr. Streitman, Assistant Superintendent Syosset S.D., Syosset Central School District, Police Officer John Klesserath, Police Officer John Wheeler, Sergeant Ralph Hoffman, Det. David M. Ohayon, County of Nassau Police Department, County of Nassau, N.Y., Defendants.**

No. CV–00–7476 (ADS).

United States District Court,
E.D. New York.

March 20, 2002.

574

Carole Arum, Syosset, NY, Plaintiff Pro Se.

Rains & Pogrebin, P.C. by Howard M. Miller, Mineola, NY, for the Defendants Mr. Richard Miller, Board of Education of Syosset, S.D., Dr. Streitman and Syosset Central School District.

Farrell Fritz by A. Kathleen Tomlinson, Uniondale, NY, for Defendant Dr. Streitman.

Nassau County Attorneys Office by Deputy County Attorney Liora M. Ben Sorek, Mineola, NY, for Defendants Police

Officer John Klesserath, Police Officer John Wheeler, Sergeant Ralph Hoffman, Det. David M. Ohayon, County of Nassau Police Department and County of Nassau, N.Y.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of a claim by *Pro Se* plaintiff Carole Arum ("Arum" or the "plaintiff") against the defendants Richard Miller ("Miller"), the Board of Education of the Syosset School District (the "Board of Education"), Dr. Jeffery Streitman ("Streitman"), Syosset Central School District (the "Central School District"), Police Officer John Klesserath ("Klesserath"), Police Officer John Wheeler ("Wheeler"), Sergeant Ralph Hoffman ("Hoffman"), Detective David M. Ohayon ("Ohayon"), the County of Nassau Police Department (the "Nassau County Police Department") and the County of Nassau, New York (the "County of Nassau"). The plaintiff alleges that the defendants violated her constitutional rights under 42 U.S.C. § 1983 ("Section 1983") on the grounds of false arrest, malicious prosecution, excessive force, harassment and failure to provide her with a French interpreter during her arrest. Presently before the Court is a motion by Miller, the Board of Education, Streitman and the Central School District to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The following facts are taken from the complaint. On January 5, 2000, the plaintiff, a resident of Syosset, New York, went to the Syosset School District to meet with Miller, the Director of Pupil Services for the Syosset School District. The purpose of the meeting was to discuss a bus safety issue involving her son, who is disabled. The meeting took place in Miller's office. During the meeting, the plaintiff stepped outside the office, wrote a letter requesting a second "Impartial Hearing" and gave the letter to Miller's secretary.

The plaintiff then asked Miller if she may review her son's educational file. Miller consented and an employee in Miller's office brought the file to the plaintiff. While the plaintiff was reviewing the file, Miller suddenly pulled the file away from her elbowing the plaintiff in the mouth. The plaintiff fell off her chair and on to the floor. The plaintiff then tried to call the police but she could not get an outside line. Miller went to another telephone, called the police and told them that he had asked the plaintiff to leave and that she refused. The plaintiff then called 911 and requested an ambulance and the police. Because the police did not arrive immediately, the plaintiff called the police a second time.

When officers from the Nassau County Police Department arrived, Police Officer Klesserath and Streitman, the Assistant Superintendent for the Syosset School District, entered the office of the secretary with six or seven male police officers behind them. Sergeant Hoffman was one of the officers present in this group. Klesserath asked the plaintiff what happened. The plaintiff replied that Miller hit her while she was looking at her son's file. The plaintiff then asked Klesserath to arrest Miller. Klesserath immediately accused the plaintiff of stealing her son's file.

Shortly thereafter, an ambulance arrived. The plaintiff asked the driver of the ambulance to take her to the hospital. The driver responded that he must first wait for the sergeant. The plaintiff asked Hoffman what is the status of the investigation and Hoffman replied that it was

over. The plaintiff asked Miller's secretary whether Hoffman had asked any questions and she replied in the negative.

The plaintiff then asked Streitman and Hoffman for a French-speaking interpreter. Streitman and Hoffman laughed at the plaintiff. Hoffman told the plaintiff that if she did not leave the building on her own without the ambulance, he would arrest her for trespass. The plaintiff did not reply and simply showed her hands. An unidentified police officer then handcuffed her. While seated in a chair, Klesserath then jumped on her left arm causing a large abrasion to her arm. The plaintiff told Klesserath that he hurt her arm and Klesserath immediately accused the plaintiff of twisting his pinky.

The complaint further alleges that the ambulance then took the plaintiff to the Nassau County Medical Center (the "Medical Center") for a psychiatric evaluation. The plaintiff met with a psychiatrist, a physician, a social worker and a student for her evaluation and each individual concluded that she was of sound mind. After her psychiatric examination, unidentified police officers then transported the plaintiff to an unidentified hospital in Nassau County. While reading a medical report in the Emergency Room at this hospital, Klesserath suddenly charged at the plaintiff. Wheeler, Klesserath and an unidentified nurse then grabbed the plaintiff, hit her on the head and lips and handcuffed her. The plaintiff alleges that she did not resist during this time.

After being handcuffed, unidentified officers took her to a cell at the Medical Center and then transferred her to the precinct. At the precinct, unidentified officers took her to the basement and tied her to a wall with handcuffs. Shortly thereafter, unidentified officers transferred the plaintiff in a locked cage while still tied to a wall with handcuffs. The plaintiff alleges that she was tied to a wall with handcuffs for about eleven hours. The plaintiff alleges that she suffered bruising to her wrists and distress as a result of this experience.

The complaint alleges that at the precinct, an unidentified officer unzipped her pants in front of six or seven male officers and at that moment took a picture of her face. The complaint also alleges that unidentified officers did not permit her to use the bathroom for hours.

Minutes before midnight on January 5, 2000, unidentified officers transported the plaintiff to the detention center. At this time, an unidentified officer offered to transport the plaintiff to Winthrop Hospital. However, two unidentified officers advised this officer not to take the plaintiff to the hospital. The plaintiff then asked the officer, who initially offered to take her to the hospital, to transport her to the hospital because both her arms were swollen and burning; this officer refused her request.

On January 6, 2000, the Nassau County District Attorney's Office (the "District Attorney") charged the plaintiff with one count of assault in the second degree for striking a police officer and two counts of trespass. On May 24, 2000, a grand jury dismissed the count of assault and voted a prosecutor's information of two counts of trespass. On October 17, 2000, the District Attorney dismissed the counts of trespass in the interest of justice. The complaint alleges that the arrest of the plaintiff was not supported by probable cause and that the Nassau County Police Department violated her rights by imprisoning her for about 23 hours.

On December 18, 2000, the plaintiff commenced this action. The plaintiff asserts twenty-eight causes of action in violation of section 1983. The Court addresses only the eight causes of action which are the subject of the motion to dismiss presently

before this Court. The plaintiff numbers her causes of action from 4.1 to 4.28. The plaintiff alleges:

### 4.21 Malicious Prosecution by Mr. Miller

The plaintiff alleges that Miller maliciously prosecuted her when he told the police that she was trespassing at the Syosset School District. The plaintiff further alleges that Miller accused her of trespassing to avoid being arrested for assault.

### 4.22 Blackmail, Harassment and Intimidation by the School District

Although the allegations in this cause of action are vague, the plaintiff seems to allege that the Board of Education and the Central School District engaged in various conduct to harass her. Specifically, the plaintiff alleges that on October 15, 1999, James Collins ("Collins"), the principal of the Thompson Middle School, called the police to arrest the plaintiff after Collins claimed that the plaintiff became violent during a dispute involving a book for her son. The plaintiff also alleges that on an unspecified date one Principal Wood ("Wood") of the Robbins Lane School called the police when the plaintiff and her son were at Hofstra University because Wood "thought" the plaintiff was going to take her son out of the University without a note.

### 4.23 Assault By Mr. Miller

The plaintiff alleges that Miller struck her in the mouth with his elbow causing her to suffer a broken tooth.

### 4.24 Mr. Miller Abused Authority

Although the allegations in this cause of action are vague, the plaintiff seems to allege that Miller abused his authority at a hearing which took place over the course of 1½ years where her son was found disabled. The plaintiff alleges further that the Syosset School District referred to her as "bad, cruel and delusional" during the hearing.

### 4.25 Deliberate Indifference by Dr. Streitman and Board of Directors

The plaintiff alleges that Miller and Streitman called the police on January 5, 2000 after the plaintiff had previously warned the Board of Education "about the dangers of calling the police to resolve any disagreements."

### 4.26 Pain & Suffering

Although the allegations in this cause of action are vague, the plaintiff seems to allege that the events of January 5, 2000 have caused the plaintiff to sustain pain and suffering. The plaintiff alleges further that the pending charges prevented the plaintiff from applying for unspecified jobs.

### 4.27 Discrimination against Minority and Refusal to Provide Interpreter

The plaintiff alleges that Streitman and Hoffman refused to provide her with an interpreter and the police transported her to the Medical Center for a psychiatric evaluation.

### 4.28 False Arrest and Wrongful Imprisonment

The plaintiff alleges that Miller made false accusations to the police which resulted in her arrest on January 5, 2000.

Presently before the Court is a motion by Miller, the Board of Education, Streitman and the Central School District to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

In addressing the present motion, the Court is mindful that the plaintiff is proceeding *pro se* and that her submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) *(per curiam )* (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of her or his lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir.1983).

Indeed, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Traguth,* 710 F.2d at 95 (quotations omitted).

The Court will address the issue of jurisdiction before turning to the merits of the motion under Rule 12(b)(6). *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir.1990) (stating that a motion challenging subject matter jurisdiction should be considered before deciding a motion to dismiss for failure to state a claim upon which relief can be granted); *Magee v. Nassau County Med. Ctr.,* 27 F.Supp.2d 154, 158 (E.D.N.Y. 1998) (same). For if the Court does not have jurisdiction, it has no power to decide the merits of this case.

### A. Subject Matter Jurisdiction

When considering a motion for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits may not be considered. *Kamen v. Am. Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A non-frivolous allegation of a cause of action under federal law suffices to invoke federal court jurisdiction." *Monsky v. Moraghan,* 127 F.3d 243, 245 (2d Cir.1997).

The plaintiff alleges that the defendants violated her constitutional rights under Section 1983 on the grounds of, among other things, false arrest, malicious prosecution and excessive force. In particular, the complaint alleges that Miller accused her of trespassing to avoid being arrested, that Klesserath and other members of the Nassau County Police Department hit her on the head and mouth during her arrest. The Court finds that jurisdiction exists

under Section 1331 because the action arises under federal law, namely Section 1983. Accordingly, the motion to dismiss the complaint for lack of subject matter jurisdiction is denied.

## B. Personal Jurisdiction

 Courts interpret the rules with respect to service of process liberally when dealing with *pro se* plaintiffs. *See generally Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309 (2d Cir. 1986); *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972). Where a party contesting service of process has received actual notice, service requirements under Rule 4 of the Federal Rules of Civil Procedure are construed liberally. *Romandette,* 807 F.2d at 310–11; *Grammenos,* 457 F.2d at 1070. The deficiencies in the method of service are harmless error under Rule 61 of the Federal Rules of Civil Procedure when the party asserting the deficient service has actual knowledge of the action and suffers no prejudice. *St. John Rennalls v. County of Westchester,* 159 F.R.D. 418, 420 (S.D.N.Y.1994); *Thomas v. Yonkers Police Dep't,* 147 F.R.D. 77, 79 (S.D.N.Y.1993).

 Streitman argues that the complaint should be dismissed for lack of personal jurisdiction because the service of process was insufficient. Rule 4(e) of the Federal Rules of Civil Procedures provides in pertinent part:

[S]ervice upon an individual from whom a waiver has not been obtained and filed ... may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which the service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode ... or ... to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). No waiver was obtained in this matter. Further, the plaintiff neither personally delivered a copy of the summons to Streitman nor left copies at his home or with an authorized agent. Accordingly, the only remaining viable method is service under New York State law.

New York permits the service of process upon an individual to be made by (1) delivering the summons within the state to a person of suitable age and discretion at the actual place of business of the party to be served and (2) either mailing the summons to the party's last known residence or her or his actual place of business. N.Y. C.P.L.R. § 308(2) (McKinney 2002). The affidavit of Dr. Jeffrey Streitman executed on January 23, 2001 (the "Streitman Affidavit") concedes that the first element is satisfied because the plaintiff served the summons on the District Clerk. However, Streitman contends that the summons was not mailed to his actual place of business or residence. The Court finds that the service upon Streitman was effective to give notice and any lack of strict compliance with Rule 4(e) was harmless error. Moreover, Streitman's only basis to assert lack of personal jurisdiction is insufficient service. Accordingly, the ruling that service was effective is also a determination that this Court has personal jurisdiction over Streitman. The Court will now turn to the merits of the 12(b)(6) motion.

## C. Rule 12(b)(6)

### 1. Standard

 On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court should dismiss the complaint if it

appears beyond doubt that the plaintiff can prove no set of facts in support of her or his complaint which would entitle her or him to relief. *King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

As to materials presented outside the pleadings, the Second Circuit has stated that:

> Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material. *See* Fed. R.Civ.P. 12(b).

*Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988). The Second Circuit has strictly enforced "the conversion requirement of Rule 12(b)(6) where there is a legitimate possibility that the district court relied on inappropriate material in granting the motion." *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir.1999). The purpose is to ensure that "courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are given a fair chance to contest defendants' evidentiary assertions . . . ." *Id.*

In a motion to dismiss under Rule 12(b)(6), the court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999).

Both parties to the present motion have provided the Court with transcripts from various hearings, medical records and affidavits in support of their respective positions. The Court will not convert the motion to dismiss to one for summary judgment but will rather decide the motion on the complaint and the matters of which judicial notice may be taken.

## 2. Section 1983

Section 1983 provides in pertinent part:

> Every person who, under color of . . . [state law] subjects, or causes to be subjected, any . . . person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or a] suit [in] equity. . . .

42 U.S.C. § 1983. A violation is proven when "a person or persons acting under color of state law deprived a plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *McDarby v. Dinkins*, 907 F.2d 1334, 1336 (2d Cir.1990) (citation omitted). Thus, a section 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges secured by the Constitution or feder-

al laws. *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir.1998).

The second requirement, that the plaintiff suffer a deprivation of his rights or privileges secured by the Constitution, requires that the plaintiff specifically allege a violation of the Constitution or an Act of Congress. The Supreme Court has held that:

> Standing alone, § 1983 clearly provides no protection for civil rights since, as we have just concluded § 1983 does not provide any substantive rights at all. To be sure, it may be argued that § 1983 does in some sense provide for the protection of civil rights when it authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress.

*Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618, 99 S.Ct. 1905, 1915, 60 L.Ed.2d 508 (1979) (internal quotations omitted).

 "Personal involvement of [each] defendant in the conduct that allegedly violates the plaintiff's constitutional rights is generally a prerequisite for liability under a § 1983 claim." *Snider v. Dylag*, 188 F.3d 51, 54 (2d Cir.1999); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir.1999) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994)). "Personal involvement" may take the form of direct participation in the deprivation, a defendant's failure to remedy an alleged wrong after learning of it, the creation of a policy or custom of unconstitutional practices, or gross negligence in managing subordinates. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). It is within this framework that the Court now examines the eight causes of action which are the subject of the motion to dismiss under Rule 12(b)(6).

### a. As to the First Cause of Action— Malicious Prosecution

The plaintiff alleges that Miller maliciously prosecuted her when he told the police that she was trespassing. The Court construes this cause of action as one for malicious prosecution under Section 1983.

 The elements of a cause of action for malicious prosecution are (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice. *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997); *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir.1996).

 The first element is met because the plaintiff was charged with counts of assault and trespass arising out of her arrest on January 5, 2000. The second element is also satisfied for the purpose of the present motion because the certificate of disposition of the plaintiff's criminal case, of which this Court may take judicial notice, states that a grand jury dismissed the charge of assault and the District Attorney dismissed the trespass charges in the interest of justice. *See Cantalino v. Danner*, 96 N.Y.2d 391, 392, 729 N.Y.S.2d 405, 754 N.E.2d 164 (N.Y.2001) (holding that a dismissal in the interest of justice can be a favorable termination under certain circumstances).

With respect to the third element, "probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir.1995) (internal quotations and citations omitted).

For the purpose of this motion, the plaintiff has satisfied this element because she alleges that the probable cause to arrest her was based upon Miller falsely accusing her of trespass to avoid his being arrested for assault. Moreover, since the court declines to convert this motion to one for summary judgment, it is unable to consider affidavits from the arresting officers to assess the objective reasonableness of the officers' belief that probable cause existed to arrest the plaintiff for assault and trespass.

With respect to the fourth element, malice need not connote actual spite or hatred, but means only " 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.' " *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir.1996) (citing *Nardelli v. Stamberg*, 44 N.Y.2d 500, 502–03, 406 N.Y.S.2d 443, 445, 377 N.E.2d 975 (1978)). In most cases, the lack of probable cause, while not dispositive, " 'tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause.' " *Id.* The plaintiff has satisfied this element for the same reasons articulated with regard to element three. Accordingly, the motion to dismiss the cause of action against Miller for malicious prosecution under Section 1983 is denied.

### b. As to the Second Cause of Action—Harassment

■ The plaintiff seems to allege that the Board of Education and the Central School District engaged in various conduct to harass her. In particular, the plaintiff cites an incident in which a principal called the police when the plaintiff became violent during a dispute over a book. Also she alleges another incident concerning a principal who thought the plaintiff was taking her son out of Hofstra University.

The plaintiff does not allege that she was arrested during these incidents.

The alleged acts do not rise to the level of a federally protected right and are thus not actionable under Section 1983. *Compare Dobosz v. Walsh*, 892 F.2d 1135, 1138 (2d Cir.1989) (throwing decapitated rats and garbage on property and firing several bullets through a bedroom window rises to the level of a federally protected right against harassment) *with Chalfy v. Turoff*, 804 F.2d 20, 22–23 (2d Cir.1986) (finding that New York City Taxi and Limousine Commission's stopping and ticketing unlicensed limousines and requiring strict compliance with hearing procedures does not give rise to the level of a claim under Section 1983); *See also Baird v. Perez*, 98 CV 3762, 1999 WL 386746, at *3 n. 3 (S.D.N.Y. June 10, 1999) (stating that harassment does not constitute a violation of a federally protected right) (citing *Bowles v. State*, 37 F.Supp.2d 608, 613 (S.D.N.Y.1999)) (citation omitted) Accordingly, the motion to dismiss the cause of action against the Board of Education and the Central School District grounded on harassment is granted.

### c. As to the Third Cause of Action—Excessive Force

■ The plaintiff alleges that Miller struck her in the mouth with his elbow when he took her son's file away from her. The Court construes this cause of action as one based on excessive force. The plaintiff has a constitutional " 'right to be free from the use of excessive force' in the 'non-seizure, non-prisoner context.' " *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 251 (2d Cir.2001) (citing *Rodriguez v. Phillips*, 66 F.3d 470, 476 (2d Cir.1995)).

In determining whether the constitutional line has been crossed, courts should consider the following factors: " 'the need for the application of force, the relationship between the need and the amount of

force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 251–52 (citations omitted). The malice or sadism must amount to an abuse of power literally shocking to the conscience. *Id.* at 252.

Here, the plaintiff alleges that Miller struck her in the mouth with his elbow causing her to suffer a broken tooth. The plaintiff alleges that the incident took place as Miller took her son's file away from her. Viewing the facts in the light most favorable to the plaintiff, the Court finds that the complaint sufficiently alleges a cause of action for excessive force. *See Johnson,* 239 F.3d at 252 (finding that head trauma, lacerations and bruising to children which required hospital treatment due to a teacher's choking, punching and deliberate slamming of objects into the children's heads rose to the level of conscience shocking). But see *Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997) (finding that bumping, grabbing and elbowing does not reach the level of constitutional dimensions). Accordingly, the motion to dismiss the cause of action against Miller for excessive force is denied.

#### d. As to the Fourth Cause of Action—Abuse of Authority

██ The plaintiff alleges that Miller abused his authority at a hearing which took place over the course of 1½ years where her son was found to be disabled. The plaintiff fails to allege that she has exhausted her administrative remedies with respect to this hearing. Thus, the Court has no subject matter jurisdiction over this claim. *See Hope v. Cortines,* 872 F.Supp. 14, 19 (E.D.N.Y.1995), *aff'd,* 69 F.3d 687 (2d Cir.1995) ("The failure to exhaust such administrative procedures [under the Individuals with Disabilities Education Act ("IDEA")] deprives the

court of subject matter jurisdiction."); *Jacky W. v. New York City Bd. of Educ.,* 848 F.Supp. 358, 360 (E.D.N.Y.1994) ("Jurisdiction to review claims for violation of IDEA is vested in district courts only upon the exhaustion of available state administrative review.") (citing *Heldman v. Sobol,* 962 F.2d 148, 158 (2d Cir.1992)). Accordingly, the motion to dismiss the cause of action against Miller for abuse of authority is granted.

#### e. As to the Fifth Cause of Action—"Calling the Police"

██ The plaintiff alleges that Miller and Streitman called the police on January 5, 2000 after the plaintiff had previously warned the Board of Education "about the dangers of calling the police to resolve any disagreements." These alleged acts do not rise to the level of a federally protected right and are thus not actionable under section 1983. *See Baird,* 1999 WL 386746, at *3 n. 3 at (stating that harassment does not constitute a violation of a federally protected right) (citing *Bowles v. State,* 37 F.Supp.2d 608, 613 (S.D.N.Y.1999)) (citation omitted). Accordingly, the motion to dismiss the cause of action against Miller and Streitman for calling the police after the plaintiff warned the Board of Education not to do so is granted.

#### f. As to the Sixth Cause of Action—Pain and Suffering

██ The plaintiff alleges that the events of January 5, 2000 caused her to sustain pain and suffering. Pain and suffering is not a federally protected right under section 1983. Accordingly, the motion to dismiss the cause of action for pain and suffering is granted.

#### g. As to the Seventh Cause of Action—Failure to Provide an Interpreter

██ The plaintiff alleges that Streitman refused to provide the plaintiff with a

French interpreter on January 5, 2000. The Court finds that Streitman's alleged failure to provide the plaintiff with an interpreter while the police where present at the school district is not a federally protected right under Section 1983. Accordingly, the motion to dismiss the cause of action against Streitman for failure to provide the plaintiff with an interpreter is granted.

### h. As to the Eighth Cause of Action—False Arrest

The plaintiff alleges that Miller made false accusations to the police which resulted in her arrest on January 5, 2000. The Court construes this cause of action as one for false arrest under Section 1983, although it appears that the plaintiff may have intended this claim to be one for malicious prosecution and thus duplicative of the first cause of action analyzed in this decision. Nevertheless, the Court analyzes the merits of a cause of action against Miller for false arrest.

 A false arrest by a state actor implicates a person's Fourth Amendment rights and may raise a cognizable claim under Section 1983. *See Cook v. Sheldon,* 41 F.3d 73, 77 (2d Cir.1994). A Section 1983 false arrest claim requires the plaintiff to establish that (1) the defendant intentionally arrested him or had him arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supported by probable cause. *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir. 1995) (noting that " '[t]he elements of a claim of false arrest under § 1983 are substantially the same as the elements of a false arrest claim under New York law.' ") (citation omitted).

 New York law provides that "[t]here is no liability for merely giving information to legal authorities, who are left entirely free to use their own judg-ment in effecting an arrest, or in swearing out a criminal complaint so that an arrest is legally authorized." *Cobb v. Willis,* 208 A.D.2d 1155, 1156, 617 N.Y.S.2d 601, 602–03 (3d Dep't 1994); *see also Schrull v. Shafer,* 252 A.D.2d 723, 675 N.Y.S.2d 395, 396 (3d Dep't 1998); *Chapo v. Premier Liquor Corp.,* 259 A.D.2d 1050, 1051, 688 N.Y.S.2d 342, 343 (4th Dep't 1999); *Du Chateau v. Metro–North Commuter R. Co.,* 253 A.D.2d 128, 132–33, 688 N.Y.S.2d 12 (1st Dep't 1999). The plaintiff alleges that Miller told the police that she was trespassing. The plaintiff does not allege that Miller actually arrested the plaintiff. The arresting officers, not Miller, had the discretion to arrest the plaintiff, and, in fact, made the decision to do so. Accordingly, the motion to dismiss the cause of action against Miller for false arrest under Section 1983 is granted.

### 3. As to Qualified Immunity

 For the purpose of the present motion the only remaining claims are the causes of action against Miller for malicious prosecution and excessive force under Section 1983. As an official, Miller may be qualifiedly immune from liability under Section 1983 if his actions (1) did not violate clearly established law or (2) it was objectively reasonable for him to believe that his actions did not violate the law. *Warren v. Keane,* 196 F.3d 330, 332 (2d Cir.1999). The first prong of the test requires courts to determine "whether pre-existing law sufficiently foreshadows the direction it will take such that government officials have reasonable notice of the illegality of their actions." *See Rodriguez v. Phillips,* 66 F.3d 470, 479 (2d Cir.1995).

The second turns on "whether a reasonable officer could have believed that ... [her or his action was] lawful, in light of clearly established law and the information the ... [officer] possessed [at the time the

criminal proceeding was commenced]." *Anderson v. Creighton*, 483 U.S. 635, 638–39, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987); *see also Mejia v. City of New York*, 119 F.Supp.2d 232, 255 (E.D.N.Y. 2000).

■ Viewing the facts in the light most favorable to the plaintiff, at this juncture, Miller is not entitled to qualified immunity in the cause of action for malicious prosecution. In particular, according to the allegations in the complaint, Miller should have known of the illegality of his alleged actions, namely falsely accusing the plaintiff of trespass to avoid being arrested for assault. Moreover, the Court does not find, again at this juncture, as a matter of law, that it was objectively reasonable for Miller to believe that his alleged actions did not violate the law. Furthermore, the Court cannot find, as a matter of law, that it was objectively reasonable for Miller to believe that striking the plaintiff with his elbow was not against the law. Accordingly, Miller is not entitled to qualified immunity with respect to the causes of action for malicious prosecution and excessive force.

### 4. As to Monell

■ The plaintiff fails to allege facts that the Board of Education and the Central School District had a policy, custom, pattern or practice of excessive force, false arrest or malicious prosecution. Under Section 1983, a municipality cannot be held liable solely on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). Indeed, the plaintiff must show that the municipal policy was the " 'moving force [behind] the constitutional viola-

tion.' " *Id.* at 389, 109 S.Ct. 1197 (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018 and *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981)). "[T]he mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference...." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993)).

Because the complaint does not allege facts addressing a municipal policy or custom in support of her claims, all the claims against the Board of Education and the Central School District are dismissed.

### 5. As to the State Causes of Action

■ A district court may dismiss a claim *sua sponte* when the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (2d Cir.2000) (holding that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have a great[ ] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* at 364. A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ The plaintiff has apparently not filed a notice of claim as required under New York state law. *See* N.Y. Gen. Mun. Law § 50–e (McKinney 2002) (requiring that the plaintiff file a notice of claim as a condition precedent to the commencement of an action founded upon tort). The notice of claim requirements "are construed strictly by New York state courts." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164

F.3d 789, 793 (2d Cir.1999) (internal quotations and citations omitted); *see also Murray v. LeRoy Cent. Sch. Dist.*, 67 N.Y.2d 775, 775, 500 N.Y.S.2d 643, 643, 491 N.E.2d 1100 (1986). "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy*, 164 F.3d at 794. Thus, under New York state law, if Section 50 e of the General Municipal Law has not been satisfied (and the defendant has not waived its right to a notice of claim), the plaintiff is not entitled to damages. *Id.*

"The purpose of the notice-of-claim requirement is to afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation." *Id.* (internal quotations and citations omitted). Because the plaintiff has apparently not filed a notice of claim as required under New York state law, her state causes of action must be dismissed because they lack basis in law. As such, the Court finds that the plaintiff's state causes of action against the moving and the non-moving defendants are frivolous and dismisses those claims *sua sponte.*

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the motion to dismiss the complaint for lack of subject matter jurisdiction is **DENIED**; and it is further

**ORDERED**, that the motion to dismiss the complaint against Streitman for lack of personal jurisdiction is **DENIED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action against Miller for malicious prosecution under Section 1983 is **DENIED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action against the Board of Education and the Central School District for harassment is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action against Miller for excessive force under Section 1983 is **DENIED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action against Miller for abuse of authority is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action against Miller and Streitman for calling the police after the plaintiff warned the Board of Education not to do so is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action for pain and suffering is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action against Streitman for failure to provide the plaintiff with an interpreter is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss the cause of action against Miller for false arrest is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss all of the causes of action against the Board of Education and the Central School District is **GRANTED**; and it is further

**ORDERED**, that all of the state causes of action are **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case against the following defendants: Dr. Jeffery Streitman, the Board of Education and the Central School District; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption of this case to read as follows:

and it is further

ORDERED, that the parties are directed to report to United States Magistrate Judge E. Thomas Boyle forthwith to set a schedule for the completion of discovery.

**SO ORDERED**.