Keith **RICHARDSON**, Plaintiff,

v.

Michael **DOWNING**, Rick Sciacca, Metro Health Foundation, Defendants.

No. CIV A. 2001–10388–RBC.

United States District Court,
D. Massachusetts.

Sept. 25, 2002.

Keith Richardson, Dorchester, MA, for Keith Richardson.

Jeffrey S. Brody, Jackson Lewis LLP, Boston, MA, for Metro Health Foundation.

### *MEMORANDUM AND ORDER*

COLLINGS, United States Magistrate Judge.

Reference is made to the Order (# 19) I issued on April 2, 2002 and the Further Order (# 29) issued on July 16, 2002.

In their Ninth Affirmative Defense to plaintiff's Complaint, defendants assert that:

Plaintiff's Complaint fails for insufficiency of process and/or service of process. By filing this Answer, defendants are not waiving any defenses based on defects in process and/or service of process.

Since the defendants Downing and Sciacca have been dismissed from the case, the issue of the insufficiency of process remains only as to defendant Metro Health Foundation ("Metro Health").

In March 2001, plaintiff Keith Richardson filed a complaint alleging employment discrimination. In August 2001, Judge Wolf directed that a summons and the complaint be served on defendants by the U.S. Marshals Service. The Marshals Service served these documents by certified mail and returns of service were executed for all defendants in November 2001.

█ When a plaintiff has been granted leave to proceed in forma pauperis, service of process must be effected by the U.S. Marshals Service. *Lindsey v. United States R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir.1996) (court is obligated to issue IFP plaintiff's process to United States Marshal who must in turn effectuate service on defendants) (citation omitted); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process..."); Fed.R.Civ.P. 4(c)(2) (appointment of marshal or other party to effect service required where plaintiff is authorized to proceed in forma pauperis under § 1915); see also 28 U.S.C. § 566(c) (granting Marshals Service power to execute process).

Under Fed.R.Civ.P. 4, a corporate defendant may be served (1) by seeking waiver of service; (2) in the manner prescribed by the law of the state in which the district court is located or (3) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or another agent authorized by appointment or by law to receive service of process. See Fed.R.Civ.P. 4(d) (requests for waiver of service); (h) (service upon corporations or associations).

█ In the instant case, it is clear that under the current version of Rule 4, service of the summons and complaint by the U.S. Marshals Service by certified mail on the corporate defendant did not constitute good service. *Id.* Although the Marshals Service could have utilized first-class mail as a means of service if it sought a waiver of service, it did not request such a waiver or provide the defendant with the requisite notice outlined in Rule 4(d). However, this does not mean that the defendant has a valid defense. There is no question but that Metro Health received the summons and complaint by certified mail and had actual knowledge of the suit. As one Court put it:

Deficiencies in the method of service are harmless error under Fed.R.Civ.P. 61 when the party asserting deficient service had actual knowledge of the action and no prejudice results from the deficiency. *Thomas v. Yonkers Police Dept.,* 147 F.R.D. 77, 79 (S.D.N.Y.1993).

*St. John Rennalls v. County of Westchester,* 159 F.R.D. 418, 420 (E.D.N.Y.1994). See also *Arum v. Miller,* 193 F.Supp.2d 572, 580 (E.D.N.Y.2002); *Admiral Charters, Inc. v. Son Yacht Charters, Inc.,* 1999 WL 33117125, *5 (D.Me.1999) citing *St. John Rennalls.*

Metro Health has not asserted prejudice of any kind. See # 20, pp. 5–6.

█ Therefore, since Metro Health had actual knowledge of the summons and complaint and has advanced no prejudice resulting from the admittedly improper service, it is ORDERED that the Ninth Affirmative Defense asserted by Metro Health in its Answer be, and the same hereby is, STRICKEN.